IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| COLBY T. B. SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:19-CV-233-Z-BR |
| | § | |
| JOHN DOE, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER
DISMISSING CIVIL RIGHTS COMPLAINT**

Before the Court is Plaintiff's civil-rights Complaint brought under 42 U.S.C. § 1983 ("Complaint") (ECF No. 3), filed December 12, 2019. Plaintiff filed suit *pro se* while incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. The Court granted Plaintiff permission to proceed *in forma pauperis*. *See* ECF No. 10. The Court ordered Plaintiff to respond to a Briefing Order Questionnaire. ECF No. 11. On February 27, 2020, Plaintiff filed a Response to the Briefing Order. ECF No. 13. For the reasons discussed herein, The Court **DISMISSES** Plaintiff's Complaint.

FACTUAL BACKGROUND

Plaintiff alleges a physician's assistant or nurse Defendant "John Doe" — later identified as No First Name ("NFN") Baker — failed to file medical records noting Plaintiff's need for an immediate cystoscopy after Plaintiff saw a medical doctor at an "outside" facility on May 30, 2017. ECF No. 13 at 1. Plaintiff alleges he only saw Defendant Baker on this one occasion. Plaintiff also alleges and requests to add other medical personnel who delayed his treatment as defendants.

ECF No. 3 at 4. In the Response to the Briefing Order, Plaintiff clarifies that on June 5, 2017, another physician's assistant and registered nurse denied Plaintiff care by refusing to provide Plaintiff with additional care and sending Plaintiff back to his cell. ECF No. 13 at 2. Plaintiff identifies these individuals as NFN Miller and NFN Penny. *Id.* at 3. Plaintiff alleges these delays in care resulting in his cancer spreading throughout his body. *Id.* Plaintiff did not file grievances against any Defendant because Plaintiff was told he could not file grievances while at the hospital. ECF No. 3 at 3. Plaintiff also filed a letter with his Complaint, alleging he attempted to file a Motion to Proceed *in Forma Pauperis* in September 2019, but states the letter was returned because he had not contemporaneously filed a complaint. *Id.* at 18.

On February 4, 2022, Plaintiff filed a "Motion to Extend the Statute of Limitations" requesting the Court extend the two-year statute of limitations to consider the time frame from October 12, 2017, until March 7, 2018, (five months) when Plaintiff received chemotherapy for his cancer and to toll the limitations period accordingly. ECF No. 20 at 1.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).

conditions. 42 U.S.C. § 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

**ANALYSIS**

The statute of limitations for personal-injury actions in the state of suit applies to Section 1983 actions. *See Wilson v. Garcia*, 471 U.S. 261, 273–76 (1985). In Texas, the applicable limitations period is two years. TEX. CIV. PRAC. & REM. CODE 16.003(a); *see also Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994). A court may dismiss claims *sua sponte* under Section 1915 when review of the complaint clearly indicates the applicable statute of limitation bars the alleged claims. *See Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999); *Moore*, 30 F.3d at 620.

A Section 1983 claim generally accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action. *See Harris*, 198 F.3d at 157. Although Plaintiff filed his Complaint on December 12, 2019, Plaintiff claims he attempted to file a document initiating his case in September of 2019 but the document was returned. ECF No. 3 at 18. Providing Plaintiff — a prisoner proceeding *pro se* — the most liberal construction possible, that is the earliest date it is deemed filed by this Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (extending mailbox rule to deem *pro se* prisoner Section 1983 complaint filed as soon as pleadings are deposited in prison mail system). Upon reviewing Plaintiff's allegations, the Court finds Plaintiff knew of the events giving rise to his claims when the events complained of occurred in May and June 2017. Plaintiffs' claims therefore accrued during those months.

---

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire."). Dismissals may also be based on adequately identified or authenticated records. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).

But equitable tolling principles also apply to civil-rights cases filed pursuant to Section 1983. *Clifford v. Gibbs*, 298 F.3d 328, 333 (5th Cir.2002); *Harris*, 198 F.3d at 158; *Wright v. Hollingsworth*, 260 F.3d 357, 359 (5th Cir. 2001). The Fifth Circuit has repeatedly indicated that — after the PLRA — the time spent exhausting administrative remedies tolls the statute of limitations. Plaintiff, however, clearly indicates on the face of his Complaint that he did not attempt to exhaust his administrative remedies. ECF No. 3 at 3. Thus, the time for Plaintiff to file his Complaint expired on June 6, 2019, well before the *earliest* possible date the Complaint could be considered filed in September of 2019. Plaintiff now requests the Court "credit" him five months for time spent during chemotherapy as a form of equitable tolling. ECF No. 20 at 1. Yet Plaintiff provides no facts in support of his diligent pursuit of his rights during the intervening two years before filing suit. The applicable two-year statute of limitations can only be tolled in such instance. *See Helton v. Clements*, 832 F.2d 332, 336 (5th Cir. 1987) ("The facts alleged by [plaintiff] do not show that his psychological depression rendered him unable to manage his affairs or comprehend his legal rights . . . ."). Plaintiff does not allege facts showing an inability to manage his affairs during the limitations period or that he diligently pursued his rights.

## CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), the Court **DISMISSES** Plaintiff's Complaint.

**SO ORDERED**.

August 25, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE